# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

VIRGIL GREEN,

        Petitioner,                 Case Number: 2:06-CV-15377

v.                                        HON. LAWRENCE P. ZATKOFF

SHIRLEE HARRY,

        Respondent.
_____/

## ORDER DENYING WITHOUT PREJUDICE RESPONDENT'S MOTION TO DISMISS, DENYING WITHOUT PREJUDICE PETITIONER'S MOTION OR LEAVE TO AMEND, AND DIRECTING RESPONDENT TO FILE RELEVANT STATE COURT RECORD

Petitioner Virgil Green has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his conviction for armed robbery, for which he was sentenced to 23 years, 9 months to 50 years imprisonment. Now before the Court are Respondent's Motion to Dismiss and Petitioner's Motion for Leave to Amend.

On December 19, 2006, the Court issued an Order Requiring Responsive Pleading, which directed Respondent to file an answer to the petition and copies of the relevant state-court record in accordance with Rule 5, Rules Governing Section 2254 Cases, by June 18, 2007. Respondent filed a Motion to Dismiss on June 18, 2007, arguing that the petition should be dismissed because Petitioner failed to exhaust state-court remedies with respect to his sixth claim for habeas relief. In response to the Motion to Dismiss, Petitioner claims to have exhausted his state-court remedies for all of the claims raised in his petition. The Court is unable to determine whether Petitioner has exhausted his state-court remedies because Respondent has failed to file the relevant state-court

record as required by the Court's Order Requiring Responsive Pleading. Therefore, the Court will deny the motion without prejudice to Respondent's right to seek dismissal of the petition on exhaustion grounds after the relevant state-court record is filed. The Court will order Respondent to file the state-court record within thirty days from the date of this Order.

Also before the Court is Petitioner's Motion for Leave to Amend. This Motion was filed after Respondent already had filed a responsive pleading. Section 2242 of Title 28 provides that an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. The applicable civil rule, Federal Rule of Civil Procedure 15(a), states that where, as here, a responsive pleading has been filed a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

The Sixth Circuit has identified the following factors a court should consider in deciding whether to permit an amendment:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Coe v. Bell*, 161 F.3d 320, 341 (6th Cir.1998) (citations omitted). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir.1982).

In this case, Petitioner does not identify the substance of the amendments he wishes to make to his habeas petition. Therefore, the Court is unable to determine whether justice requires allowing Petitioner to amend the petition. The Court will deny the motion without prejudice to Petitioner's

2

right to file a subsequent motion to amend. Should Petitioner decide to again move to amend his petition, Petitioner should clearly identify the amendments he seeks to make or attach to the motion an amended petition.

For the reasons set forth, **IT IS ORDERED** that Respondent's Motion to Dismiss [dkt. # 8] and Petitioner's Motion for Leave to Amend [dkt. # 13] are **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Respondent shall file a copy of the relevant state-court record in accordance with Rule 5, Rules Governing Section 2254 Cases, within **THIRTY DAYS** from the date of this Order.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: March 28, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 28, 2008.

s/Marie E. Verlinde
Case Manager
(810) 984-3290