**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

VIRGIL RAY GREEN, #189440,

        Petitioner,

v.                                                            Case No. 2:06-CV-15377
                                                              Honorable Lawrence P. Zatkoff

SHIRLEE HARRY,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING HABEAS PETITION WITHOUT PREJUDICE

Petitioner, Virgil Green, is a state inmate currently incarcerated at Muskegon Correctional Facility in Muskegon, Michigan.  Petitioner was convicted after a single jury trial[1] in Wayne County Circuit Court of armed robbery, Mich. Comp. Laws § 750.529.  He was sentenced as an habitual fourth offender, Mich. Comp. Laws § 769.12, to a term of twenty-three years, nine months, to fifty years.

Petitioner has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254.  For the reasons that follow, the Court dismisses the petition without prejudice.

### I. BACKGROUND

Petitioner's conviction arose from the armed robbery of a CVS Pharmacy store.

_____

[1]Petitioner was tried jointly with his co-defendant, Demetrius McBride.

Following Petitioner's conviction, he filed a direct appeal with the Michigan Court of

Appeals raising the following claims:

> I. There was insufficient evidence as a matter of law to establish Appellant Virgil Green's conviction for armed robbery as required by the due process clause.

> II. Appellant Virgil Green's conviction for armed robbery should be vacated since the guilty verdict was against the great weight of the evidence.[2]

> III. The trial court committed reversible error by foreclosing any possibility of having testimony reread and denied Appellant Virgil Green of a fair trial in violation of both state and federal constitutions.

> IV. Appellant Virgil Green was denied a fair trial and impartial jury where the prosecutor's inappropriate behavior during the trial offended the majority of the jurors and this misconduct was discussed in the jury room before the verdict was rendered in violation of due process of law. The trial court abused his discretion when he failed to sua sponte order a mistrial.

> V. The Prosecutor's pervasive misconduct throughout the trial violated Appellant Virgil Green's right to due process of law and a fair trial as guaranteed by both the federal and state constitutions.

> VI. Appellant Virgil Green was denied his constitutional right to effective assistance of counsel. Therefore, he is entitled to a new trial and/or hearing pursuant to *People v Ginther,* 390 Mich 436 (1973).

> VII. The cumulative effect of the foregoing errors denied Appellant Virgil Green of a fair trial in violation of due process of law and requires reversal.

> VIII. Appellant Virgil Green is entitled to resentencing because the sentencing judge increased the statutory sentencing guideline range in his case based on facts which were not proven to a jury beyond a reasonable doubt in violation of *Blakely v Washington,* 542 U.S. 296; 124 S. Ct. 2531; 159 L. Ed. 2D 403 (2004).

The Michigan Court of Appeals affirmed Petitioner's convictions.  *People v. Green*, No.

252045, 2005 WL 1959494  (Mich. Ct. App. Aug. 16, 2005).  Petitioner filed an application

---

[2]This claim was presented in a *pro se* supplemental brief filed with the Michigan Court of Appeals.

for leave to appeal in the Michigan Supreme Court, raising the same eight issues presented

before the Michigan Court of Appeals, and added the following claims:

> The trial court committed reversible error when ruling during defense counsel's closing argument, and in response to the prosecutor's objection, for jurors to disregard evidence elicited by a witness on direct examination, in violation of the state and federal constitution
>
> Appellant Virgil Green was denied the effective assistance of counsel guaranteed him by the federal and state constitution at trial, when counsel failed to object or recognize the trial court's error in ruling on the wrong issue, which [a]ffected the outcome of the trial.  Therefore, he is entitled to a new trial.

The Michigan Supreme Court denied relief "because we are not persuaded that the

questions presented should be reviewed by this Court."  *People v. Green*, 474 Mich. 980;

707 N.W.2d 197 (2005) (table).  Justice Kelly, however, "would hold this case in abeyance

for *People v. Drohan,* lv. gtd. 472 Mich. 881; 693 N.W.2d 823 (2005)."  *Id.*  Petitioner then

filed a motion for reconsideration with the Michigan Supreme Court which was denied.

*People v. Green,* 474 Mich. 1091; 711 N.W.2d 358 (2006) (table).  Justice Kelly, however,

"would grant reconsideration and, on reconsideration, would hold this case in abeyance for

*People v. Drohan,* lv. gtd. 472 Mich. 881; 693 N.W.2d 823 (2005)."  *Id.*

Petitioner then filed the present petition pursuant to 28 U.S.C. § 2254, raising the

following issues:

> I. There was insufficient evidence to support Petitioner's conviction for armed robbery on the theory that he aided and abetted the principal in the offense, in violation of the U.S. Const. Am. VI, XIV: Mich. Const. 1963 Art. I § 17.
>
> II. Petitioner was denied his right of due process, where the trial court's ruling erroneously excluded key evidence on the defenses theory during closing argument, in response to the prosecution's objection, in violation of the U.S. Const. Am. VI, XIV; Mich. Const. 1963, Art. I § 14, 17.
>
> III. Petitioner was denied the right of due process of law at trial, where the

judge foreclosed any possibility of having testimony reread, in violation of the U.S. Const. Am. VI, XIV; Mich. Const. 1963, Art. I § 14, 17.

IV. Petitioner was denied the effective assistance of counsel guaranteed him by the Federal Constitutions, in violation of U.S. Const. Am. VI, XIV; Mich. Const. 1963, Art. I § 20.

V. The cumulative effect of the foregoing errors denied Petitioner of a fair trial, in violation of the U.S. Const. Am. VI, XIV; Mich. Const. 1963, Art. I § 17, 20.

VI. Petitioner was illegally arraigned, the District Court lacked subject matter jurisdiction, in violation of equal protection and due process of law. U.S. Const. Am. V, VI, XIV; Mich. Const. 1963, Art. I § 2, 11, 17, 20.

## II.  DISCUSSION

State prisoners must "fairly present" their claims in each appropriate state court before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). In order to exhaust a claim for federal habeas review, a petitioner must present each ground to both state appellate courts, even where the state's highest court provides only discretionary review. *See Regan v. Hoffner,* 209 F. Supp. 2d 703, 710, n. 3 (E.D. Mich. 2002)(citing *O'Sullivan v. Boerckel,* 526 U.S. 838, 845-47 (1999)). Absent unusual or exceptional circumstances, courts must dismiss habeas petitions containing any claims that have not been fairly presented to the state court.  *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *O'Guinn v. Dutton*, 88 F.3d 1409, 1412-13 (6th Cir. 1996).

Respondent filed a motion to dismiss based upon exhaustion grounds [dkt. #8]. Petitioner filed a motion to amend his habeas petition in an effort to add more claims for the Court's review [dkt. #13].  The Court entered an Order denying both motions without prejudice [dkt. # 15] because the Rule 5 materials had not yet been filed, and Petitioner was vague about how he wanted to amend his habeas petition. The Order stated that

Petitioner could re-file his motion to amend the habeas petition.  To date, Petitioner has not

sought to amend his petition for purposes of clarifying how he would like to proceed.  Nor

has he filed any pleadings which demonstrate that he has exhausted each claim presented

for habeas review.    A district court must allow a habeas petitioner to delete the

unexhausted claims from his or her petition, especially in circumstances in which dismissal

of the entire petition without prejudice would "unreasonably impair the petitioner's right to

obtain federal relief." *Rhines v. Weber,* 544 U.S. 269, 278 (2005); *see also Banks v.*

*Jackson,* 149 Fed.Appx. 414, 421 (6th Cir. 2005). Alternatively, a federal court may stay

a federal habeas petition and hold further proceedings in abeyance pending resolution of

state court post-conviction proceedings, provided there is good cause for failure to exhaust

the claims, the petitioner has not engaged in abusive litigation tactics, and  the

unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 277-78.

Exhausting state court remedies in this case requires the filing of a post-conviction

motion for relief from judgment under Michigan Court Rule 6.500. *See Mikko v. Davis,* 342

F. Supp. 2d 643, 646 (E.D. Mich. 2004). Petitioner could therefore exhaust his claims by

filing a post-conviction motion for relief from judgment with the Wayne County Circuit Court

under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a

response from the prosecutor, expand the record, permit oral argument, and hold an

evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief

from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme

Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203;

M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Upon review of the Rule 5 materials, it is clear that Petitioner has failed to exhaust

habeas claims II and VI.  In light of the fact that Petitioner was provided with an ample

opportunity by the Court to clarify how he wanted to proceed with this matter and to support

his conclusory statements that each of his habeas claims have been exhausted[3], and failed

to do so[4], Petitioner has not shown "good cause" for not exhausting his state court

remedies.  Therefore, the Court finds that the "stay-and-abeyance" procedure may not be

applied to Petitioner's case as he failed to satisfy the *Rhines* test.  The Court may

nevertheless provide safeguards so as not to "jeopardize the timeliness of a collateral

attack" in light of the fact that his claims are not "plainly meritless" and Petitioner has not

demonstrated abusive conduct during the pendency of this matter.  *Palmer v. Carlton,* 276

F.3d 777, 781 (6th Cir. 2002), quoting *Zarvela v. Arizona,* 254 F.3d 374, 380 (2nd Cir.

2001).  The Court shall adopt the safeguards approved by the Sixth Circuit in *Hargrove v.*

*Brigano,* 300 F.3d 717, 719-21 (6th Cir. 2002)

Therefore, the Court shall dismiss the petition without prejudice and the one-year

limitations period shall be tolled from the date Petitioner filed his petition, December 4,

2006, until Petitioner returns to federal court[5].  To ensure that Petitioner does not delay in

exhausting his state court remedies, the Court imposes upon Petitioner time limits within

---

[3]Petitioner did file a response to Respondent's motion to dismiss, disputing that all of his claims were not exhausted. However, his assertions were not supported with any record evidence.

[4]The Order denying dismissal of the habeas petition and denying Petitioner's motion to amend was dated March 28, 2008.  The last set of Rule 5 materials was filed on January 22, 2009.

[5] Petitioner may alternatively decide to delete habeas claims II and VI, forego returning to the state courts,  and immediately return to this Court to pursue his exhausted claims.  The Court must also be notified if Petitioner chooses this option.

which he must proceed. *See Palmer,* 276 F.3d at 781. Therefore, this tolling of the limitations period is conditioned upon Petitioner pursing his state remedies within sixty (60) days of this Court's Order and returning to federal court with an amended petition within sixty (60) days of exhausting his state remedies, using the same caption and case number, and also serving upon Respondent a copy of the amended habeas petition within sixty (60) days of exhausting his state court remedies.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Petitioner's "Petition for Writ of Habeas Corpus 2254" [dkt. #1] is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the one year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from December 4, 2006 until the time Petitioner returns to federal court to pursue habeas relief, provided that: (1) Petitioner presents his unexhausted claim(s) to the state court within **sixty (60) days** from the date of this Order and (2) Petitioner returns to this Court to pursue habeas corpus relief with an amended petition, using the same caption and case number, within **sixty (60) days** of exhausting state court remedies.

**IT IS FURTHER ORDERED** that Respondent be served with the amended habeas petition within **sixty (60) days** of Petitioner exhausting his state court remedies. Should Petitioner fail to comply with these conditions, his case will be dismissed with prejudice[6].

---

[6]Since the Court has already provided Petitioner a lengthy period of time and a sufficient opportunity to submit a viable habeas petition for filing, this matter will be dismissed with prejudice should Petitioner fail to adhere to the parameters of this Order.

**IT IS FURTHER ORDERED** that upon Petitioner's return to the Court that Respondent file a supplemental answer to the amended petition within **ninety (90) days** of receiving service of the amended habeas petition.  Petitioner shall have **thirty (30) days** from the date of the responsive pleading to submit a reply.

**IT IS FURTHER ORDERED** that, as part of the answer, Respondent shall file with the Clerk a copy of the relevant transcripts, the relevant appellate briefs submitted by Petitioner and the prosecution, and the state appellate opinions and orders that were a part of the collateral review of Petitioner's unexhausted claims.

**IT IS FURTHER ORDERED** that Petitioner's "Motion to Compel Discovery" [dkt. #20] is **DENIED** as **MOOT**.


S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  September 30, 2009


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 30, 2009.

S/Marie E. Verlinde
Case Manager
(810) 984-3290