UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRGIL RAY GREEN, #189440,

    Petitioner,

v.

Case No. 06-15377
HON. LAWRENCE P. ZATKOFF

SHIRLEY A. HARRY,

    Respondent.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 2, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Petitioner's motion for relief from judgment [dkt 24] and motion for leave to amend [dkt 25]. The Court finds that the facts and legal arguments are adequately presented in the Petitioner's papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. LR 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the reasons set forth below, Petitioner's motion for relief from judgment [dkt 24] is granted, and Petitioner's motion for leave to amend [dkt 25] is granted in part and denied in part.

## II. BACKGROUND

Petitioner, Virgil Green, is a state inmate currently incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan. He was tried before a jury in Wayne County Circuit

Court, where he was convicted of armed robbery, Mich. Comp. Laws § 750.529. He was sentenced as an habitual fourth offender, Mich. Comp. Laws § 769.12, to a term of twenty-three years, nine months, to fifty years. Petitioner filed a *pro se* petition for writ of habeas corpus with this Court under 28 U.S.C. § 2254, raising the following claims:

> I. There was insufficient evidence to support Petitioner's conviction for armed robbery on the theory that he aided and abetted the principal in the offense, in violation of the U.S. Const. Am. VI, XIV: Mich. Const. 1963 Art. I § 17.
>
> II. Petitioner was denied his right of due process, where the trial court's ruling erroneously excluded key evidence on the defenses [sic] theory during closing argument, in response to the prosecution's objection, in violation of the U.S. Const. Am. VI, XIV; Mich. Const. 1963, Art. I § 14, 17.
>
> III. Petitioner was denied the right of due process of law at trial, where the judge foreclosed any possibility of having testimony reread, in violation of the U.S. Const. Am. VI, XIV; Mich. Const. 1963, Art. I § 14, 17.
>
> IV. Petitioner was denied the effective assistance of counsel guaranteed him by the Federal Constitution, in violation of U.S. Const. Am. VI, XIV; Mich. Const. 1963, Art. I § 20.
>
> V. The cumulative effect of the foregoing errors denied Petitioner of a fair trial, in violation of the U.S. Const. Am. VI, XIV; Mich. Const. 1963, Art. I § 17, 20.
>
> VI. Petitioner was illegally arraigned, the District Court lacked subject matter jurisdiction, in violation of equal protection and due process of law. U.S. Const. Am. V, VI, XIV; Mich. Const. 1963, Art. I § 2, 11, 17, 20.

Thereafter, Respondent filed a motion to dismiss the petition due to Petitioner's failure to exhaust Claim VI with the state courts. The Court denied Respondent's motion without prejudice because Respondent failed to file the relevant state-court record. On September 30, 2009, the Court dismissed the petition for writ of habeas corpus without prejudice on the basis that Petitioner failed

to exhaust his state court remedies with respect to Claims II and VI. The Court gave Petitioner sixty days in which to exhaust his state court remedies, and an additional sixty days in which to amend his petition once his state court remedies were exhausted.

### III. LEGAL STANDARD

Under Fed. R. Civ. P. 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . mistake . . . [or] any other reason that justifies relief."

### IV. ANALYSIS

In Petitioner's motion for relief from judgment, Petitioner contends that the Court erred in ruling that Petitioner failed to exhaust Claim II of his petition,[1] and that he should be permitted to include Claim II in his amended petition. For the following reasons, the Court agrees.

In its September 30, 2009, order, the Court stated that Petitioner failed to raise Claim II with the Michigan Court of Appeals. However, upon further review, it is evident that Petitioner raised this claim with the Michigan Court of Appeals by way of a *pro se* supplemental brief, and that the Michigan Court of Appeals addressed this claim in its order affirming Petitioner's conviction. Petitioner also unsuccessfully raised this claim with the Michigan Supreme Court. Therefore, the Court finds that Petitioner fairly presented Claim II in each appropriate state court before seeking a federal writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Accordingly, the Court grants Petitioner's motion for relief from judgment such that Petitioner may include Claim II in his amended petition.

---

[1] Petitioner acknowledges that he failed to exhaust his state court remedies with respect to Claim VI.

The Court will now address Petitioner's motion for leave to amend his petition for habeas corpus. Petitioner wishes to raise the following claims in his amended petition, which Petitioner filed on November 30, 2009:

> I. Was there insufficient evidence to support Petitioner's conviction for armed robbery on the theory that he aided and abetted the principal in the offense?
>
> II. Should Petitioner's conviction for armed robbery be vacated since the verdict was against the great weight of the evidence?[2]
>
> III. Was Petitioner denied of his right to present a defense, where the trial court's erroneous ruling excluded key evidence on the defenses [sic] theory during closing argument, in response to the prosecutor's objection?
>
> IV. Was the petitioner denied the right of due process of law at trial, where the judge foreclosed any possibility of having testimony reread?
>
> V. Was Petitioner denied ineffective assistance of counsel?

Since Claims I, III, IV and V, were raised with the Michigan Court of Appeals and the Michigan Supreme Court, the Court grants Petitioner's motion to amend his petition for writ of habeas corpus with respect to these claims. Petitioner's amended Claim II, however, was not raised in Petitioner's original petition for writ of habeas corpus. The Court's September 30, 2009, order dismissing Petitioner's petition without prejudice only allowed Petitioner to return to federal court with an amended petition once he had exhausted his state court remedies with respect to Claims II and VI of his original petition. The Court's order did not permit Petitioner to amend his petition to add claims not previously raised with this Court. Therefore, Petitioner's motion to amend is denied

---

[2]This claim was not raised in Petitioner's initial petition for writ of habeas corpus, but it was raised with both the Michigan Court of Appeals and the Michigan Supreme Court.

with respect to Claim II of the amended petition.

## V. CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Petitioner's motion for relief from judgment [dkt 24] is GRANTED.

IT IS FURTHER ORDERED that Petitioner's motion for leave to amend [dkt 25] is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that, consistent with the Court's September 30, 2009, order, Respondent shall file a supplemental answer to the amended petition within ninety (90) days from the date of this order, and that Petitioner shall have thirty (30) days from date of Respondent's supplemental answer to submit a reply.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: August 2, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 2, 2010.

S/Marie E. Verlinde
Case Manager
(810) 984-3290